FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Mar 18, 2022

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> vs. <br><br> CHARICE MARIE UNRUH, <br><br> Defendant. | No. 2:16-CR-00028-WFN-2 <br><br> ORDER DENYING DEFENDANT'S MOTION FOR RECONSIDERATION <br><br> ECF No. 270 |

On March 17, 2022, the Court conducted a hearing on Defendant's "Motion for Reconsideration re: Pretrial Release Conditions" (ECF No. 270), which was heard in conjunction with a similar motion filed in pretrial proceedings in Cause No. 2:21-cr-00108-WFN-1. Defendant was represented by retained counsel, Bevan Maxey. Assistant United States Attorney Caitlin Baunsgard represented the United States.

"[Federal Rule of Criminal Procedure] 32.1(a)(6) governs release pending a hearing on a violation of probation or supervised release." Fed. R. Crim. P. 46(d). Under that Rule, the Court may release or detain a defendant pursuant to 18 U.S.C. § 3143(a) pending further proceedings. Fed. R. Crim. P. 32.1(a)(6). Defendant bears

ORDER - 1

1  the burden of establishing by clear and convincing evidence that Defendant is not a
2  risk of flight or a danger to any other person or the community.  *Id.*; *see also* 18
3  U.S.C. § 3143(a).
4      The Court has considered this additional information, the allegations in the
5  Supervised Release Violation Petition and the proffers of the parties.  The United
6  States defers to United States Probation and United States Probation objects to
7  Defendant's request for release.
8      Defendant requests release to a 30-day inpatient substance abuse treatment
9  program.  Defendant has recently pleaded guilty to 1 Count of Unlawful Use of the
10 U.S. Mail Cause No. 2:21-cr-00108-WFN-1. As part of that plea agreement,
11 Defendant agreed to admit to all seven pending violations of Defendant's federal
12 supervised release in this case. The parties are jointly recommending a sentence of
13 48 months incarceration and Defendant is set for sentencing on May 11, 2022.
14 Because the Defendant will have access to substance abuse treatment while serving
15 out her anticipated sentences, the Court concludes that release of the Defendant to
16 inpatient treatment prior to sentencing is not appropriate.  If the sentencing
17 schedule should change, the Court would be open to revisiting the issue of
18 detention.
19     Accordingly, for the reasons stated on the record and herein, the Court finds
20 Defendant has not met her burden of establishing by clear and convincing evidence

ORDER - 2

that she is not a risk of flight or a danger to any other person on the community.

**IT IS ORDERED:**

1. Defendant's Motion to Reconsider (**ECF No. 270**) is **DENIED**.

2. If a party desires this Court to reconsider conditions of release because of material and newly discovered circumstances under 18 U.S.C. § 3142(f), that party shall file a motion with the Court, served upon the United States Attorney, stating what circumstances are new, how they are established, and the requested change in conditions of release.

3. If a party seeks review of this Order by another court pursuant to 18 U.S.C. § 3145(a), counsel shall adhere to the Detention Order Review Protocol found in LCrR 46(k).DATED March 18, 2022.

<u>s/James P. Hutton</u><br>
JAMES P. HUTTON<br>
UNITED STATES MAGISTRATE JUDGE

ORDER - 3